Defendants' Notice of Removal

# EXHIBIT A

State Court Record
(Summons, Appearance, Complaint with exhibits)

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION COUNTY SUPERIOR |
| | ) | COURT, ROOM NO. __ |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NUMBER: 49D02 15 09 PL 030299 |

LEAPERS, INC.
        Plaintiff,

v.

PRESMA, INC.; and
CHUANWEN SHI,
        Defendants.

## SUMMONS

DEFENDANT:    Chuanwen Shi
                              12912 Thornbury Lane
                              Corona CA 92880

    You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the Complaint, which is attached to this Summons. It also states the relief sought or the demand made against you by Plaintiff.

    An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

    If you have a claim for relief against Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: _____                              SEP 1 1 2015, Clerk
                                                  Marion County Superior Court No. __

The following manner of service of Summons is hereby designated:
   X   Registered or Certified Mail
   ___   Service on individual at above address:
   ___   Service on agent:
   ___   Service by Publication

_____
Darlene Seymour, Attorney for Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that on _____, 2015, I mailed a copy of this summons and a copy of the complaint to defendant, Chuanwen Shi, by certified mail, return receipt requested, at the address furnished.

_____
Clerk of Marion County

Dated: ____ day of _____, 2015.

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that:

(1) The summons and a copy of the complaint were mailed to defendant, Chuanwen Shi.

(2) The attached return receipt was received by me showing that the summons and a copy of the complaint were mailed to defendant, Chuanwen Shi, and were accepted by _____ on behalf of said defendant on _____, 2015;

(3) The attached return receipt was received by me showing that the summons and a copy of the complaint were returned not accepted on _____.

_____
Clerk of Marion County

Dated: ____ day of _____, 2015.

STATE OF INDIANA ) MARION COUNTY SUPERIOR
) COURT, ROOM NO. __
) SS:
COUNTY OF MARION ) CAUSE NUMBER: 49D02 15 09 PL 030299

LEAPERS, INC. )
    Plaintiff, )
)
)
v. )
)
PRESMA, INC.; and )
CHUANWEN SHI, )
    Defendants. )

FILED
SEP 11 2015
[signature]
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

    COMES NOW, Jeremiah Pastrick, attorney for Plaintiff, and files his Appearance in this matter.

Party Classification: Initiating __x__ Responding ____ Intervening ____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): Leapers, Inc.

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Name: Jeremiah A. Pastrick     Attorney Number: 28180-49
Address: 1292 E. 91st Street     Phone: 317-818-0523
        Indianapolis, IN 46240     FAX: 317-566-2453

3. There are other party members: Yes ____ No __x__

4. *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type Under Administrative Rule 8(b)(3): PL as listed above per clerk.

5. I will accept service by FAX at the above noted number: Yes __x__ No ____

6. This case involves support issues. Yes ____ No __x__

7. There are related cases: Yes ____ No __x__

8. This form has been served on all other parties. Certificate of Service is attached: Yes ____ No __x__

9. Additional information required by local rule: None

_/s/ Jeremiah A. Pastrick_

Jeremiah A. Pastrick
Atty. No. 28180-49
Attorney for Plaintiff

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION COUNTY SUPERIOR COURT |
| | ) | ROOM NO. __ |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NUMBER: _____ |

LEAPERS, INC.

        Plaintiff,

    v.

PRESMA, INC.; and
CHUANWEN SHI,

        Defendants.

FILED
SEP 11 2015
[signature]
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT

For this Complaint against Defendants, Presma, Inc. and Chuanwen Shi, Leapers, Inc. ("Leapers") hereby alleges as follows:

### A. SUBSTANCE OF THE ACTION

1. This case involves the illegal sale by Defendants of objects containing markings and symbols of identification, value, right and/or privilege and goodwill belonging to Leapers (the "Markings") and the theft of certain tools associated with the Markings. Defendants' illicit actions arise out of the unauthorized use of the Markings in connection with the promotion, advertisement, sale and distribution of rifle scopes with knowledge that the Markings were owned by Leapers.

2. Defendants' use of the Markings violates Leapers's rights under Indiana state law. Leapers asserts claims for conversion, theft, forgery, counterfeiting, and criminal mischief. Leapers seeks a judgment against Defendants, along with an award of damages, treble damages, attorney's fees and costs.

## B. THE PARTIES

3. Leapers is a business organized and existing under the laws of the state of Michigan with its principal office in Livonia, Michigan.

4. Defendant Presma, Inc. is a business organized and existing under the laws of the state of California with its principal office in Ontario, California. Presma can be served at 9002 Hyssop Drive, Rancho Cucamonga, CA 91730.

5. Defendant Shi is an individual residing in the state of California. He can be served at 12912 Thornbury Lane, Corona CA 92880.

## C. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to Ind. Code § 33-28-1-2 and Ind. Code § 33-33-29-7.

7. Defendants have submitted to this Court's jurisdiction by doing business in the state of Indiana.

8. Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in Marion County, Indiana.

## D. GENERAL ALLEGATIONS

### 1. Leapers's Property Rights

9. Leapers has been in the business of supplying shooting, hunting and outdoor gear since 1992. Leapers focuses on providing high-quality products with attention to detail. As part of this business, Leapers has developed a unique line of scopes.

10. Relative to its business, Leapers is the exclusive owner of certain property rights (the "Markings"). The Markings consist of unique symbols of identification, value, right

and/or privilege that Leapers uses on its rifle scope products. The Markings are signifiers of the Leapers Brand and the goodwill embodied therein which Leapers has developed from its long and reputable business in the firearms and outdoor sporting industries. [See attached, Exhibit A]

11. Leapers has acquired substantial goodwill among consumers by creating unique designs for use on their products.

12. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, the Markings, along with the tools and products associated with those Markings, have become highly valuable.

### 2. Defendant's Unlawful Use of Leapers' Property

13. Subsequent to Leapers' development, creation and use of the Markings, Defendants began using the Markings without authorization and with knowledge that the Markings were owned by Leapers.

14. Defendants have manufactured, produced, advertised and/or sold scopes using the Markings. [See attached, Exhibit B]

15. Defendants have further refused to return certain tools associated with the Markings.

16. Defendants have not received permission from Leapers, or anyone acting on Leapers' behalf, to manufacture, produce, advertise or sell any item using the Markings.

17. By using the Markings without permission, Defendants have attempted to profit from and capitalize on the substantial goodwill developed by Leapers.

18. Defendants have willfully and intentionally used the Markings with knowledge that the Markings are owned by Leapers.

19. In fact, Defendant Shi was a manager of Leapers's former scope factory, WuYang

3

Sporting Goods, Ltd. ("WuYang").

20. In his role at WuYang Defendant Shi developed intimate knowledge of the Markings.

21. During his employment at WuYang Defendant Shi began utilizing the WuYang factory and his knowledge of the Markings to make a line of scopes that are virtually exact copies of Leapers's scopes and utilize Leapers's Markings (the "Shi Scopes").

22. Defendant Shi is the President of Presma Inc., the U.S.-based corporation that Defendant Shi utilizes to import and distribute his scopes.

23. Defendants have, and continue to, knowingly and intentionally manufacture and sell the Shi Scopes using the Markings without authority from Leapers.

24. Even after Leapers instructed Defendant Shi not to use the Markings, Defendants continued in their unlawful activities.

### E. PLAINTIFF'S CLAIMS

#### COUNT I
#### CONVERSION UNDER IND. CODE § 35-43-4-3

25. Leapers incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

26. Defendants knowingly or intentionally exerted unauthorized control over the property of Leapers, namely the Markings, by making unauthorized use of the Markings in the advertisement and sale of rifle scopes.

27. Defendants knowingly or intentionally exerted unauthorized control over Leapers' intangible property, namely the Markings and Leapers' goodwill associated with the Markings.

28. Leapers' goodwill is valuable property, along with the tools and products associated with those Markings.

29. The Markings, whether tangible or intangible, are valuable property.

30. As the owner of the Markings and Leapers' goodwill, Leapers alone has the right to control and authorize the use of the Markings and Leapers' goodwill.

31. Defendants obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Leapers' property through the advertisement and sale of products that make unauthorized use of the Markings.

32. Defendants obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Leapers' property for Defendants' own use and benefit and in exclusion and defiance of Leapers' rights in Leapers' property interests.

33. Defendants sold items bearing the Markings without Leapers' consent and in a manner or to an extent other than that to which Leapers had consented.

34. Defendants misappropriated the Markings and Leapers' goodwill for its own use and benefit and interfered with Leapers' control over the Markings and Leapers' goodwill.

35. As a result of Defendants' conversion, Leapers was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT II
## FORGERY UNDER IND. CODE § 35-43-5-2(b)

36. Leapers incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

37. All advertisements, promotional materials and/or packaging associated with Defendants' rifle scope products that make use of the Markings are written instruments under Ind. Code § 35-43-5-1(s).

38. Defendants' rifle scope products that make use of the Markings are themselves written

instruments under Ind. Code § 35-43-5-1(s).

39. Defendants, with intent to defraud, made, uttered, and/or possessed a written instrument, namely the Defendants' rifle scopes, advertisements and/or associated packaging in such a manner that it purports to have been made by Leapers.

40. Defendants were not given the authority to make or possess the unauthorized items by Leapers or anyone acting on behalf of Leapers.

41. As a result of Defendants' forgery, Leapers was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT III
## COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)

42. Leapers incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

43. All advertisements, promotional materials and/or packaging associated with Defendants' rifle scope products that make use of the Markings are written instruments under Ind. Code § 35-43-5-1(s).

44. Defendants' rifle scope products that make use of the Markings, are themselves written instruments under Ind. Code § 35-43-5-1(s).

45. Defendants made, uttered, and/or possessed a written instrument, namely the Defendants' rifle scopes, advertisements and/or associated packaging in such a manner that it purports to have been made by Leapers.

46. Defendants were not given the authority to make or possess the unauthorized items by Leapers or anyone acting on behalf of Leapers.

47. As a result of Defendants' counterfeiting, Leapers was damaged and seeks an award of

6

actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT IV
### THEFT UNDER IND. CODE § 35-43-4-2

48. Leapers incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

49. Defendants knowingly or intentionally exerted unauthorized control over the Markings with intent to deprive Leapers of a part of its value and use by making unauthorized use of the Markings in the advertisement and sale of certain rifle scope products.

50. Defendants knowingly or intentionally exerted unauthorized control over Leapers' intangible property, namely the Markings and Leapers' goodwill associated with the Markings.

51. Leapers' goodwill is valuable property.

52. The Markings, whether tangible or intangible, are valuable property, along with the tools and products associated with those Markings.

53. As the owner of the Markings and Leapers' goodwill, Leapers alone has the right to control and authorize the use of the Markings and Leapers' goodwill.

54. Defendants obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Leapers' property through the advertisement and sale of products that make unauthorized use of the Markings.

55. Defendants obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Leapers' property for Defendants' own use and benefit and in exclusion and defiance of Leapers' rights in Leapers' property interests.

56. Defendants sold items bearing the Markings without Leapers' consent and in a manner or

to an extent other than that to which Leapers had consented.

57. Defendants misappropriated the Markings and Leapers' goodwill for its own use and benefit and interfered with Leapers' control over the Markings and Leapers' goodwill.

58. As a result of Defendants' theft, Leapers was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT V
## CRIMINAL MISCHIEF UNDER IND. CODE § 35-43-1-2

59. Leapers incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

60. Defendants recklessly, knowingly or intentionally damaged or defaced the property of Leapers without Leapers's consent by making unauthorized use of the Markings and Leapers's goodwill in the advertisement and sale of certain rifle scope products, along with the tools associated with the Markings.

61. Leapers' goodwill is valuable property.

62. The Markings, whether tangible or intangible, are valuable property.

63. As the owner of the Markings and Leapers' goodwill, Leapers alone has the right to control and authorize the use of the Markings and Leapers' goodwill. Use of the Markings and Leapers's goodwill without Leapers's consent damages and devalues the Markings and Leapers's goodwill.

64. As a result of Defendants' criminal mischief, Leapers was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## F. PRAYER FOR RELIEF

WHEREFORE, Leapers prays for relief against the Defendants in the form of actual damages, treble damages, costs and attorney's fees, as well as any other relief deemed proper by this Court.

## DEMAND FOR TRIAL JURY

Leapers hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

Darlene R. Seymour
Attorney # 23133-49

By:_____

Continental Enterprises
1292 E. 91st Street
Indianapolis, IN 46240

# EXHIBIT A



EXHIBIT B

