UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LEAPERS, INC.,                 )
                                    )
                Plaintiff,    )
                                    )
                vs.           )      1:15-cv-01539-SEB-MJD
                                    )
TRARMS, INC. doing business as   )
PRESMA, INC.,               )
CHUANWEN  SHI,          )
                                    )
                                    )
            Defendants.   )

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

This matter comes before the Court on Defendants Trarms, Inc.'s and Chuanwen Shi's ("Shi") Motion to Dismiss Plaintiff Leapers, Inc.'s ("Leapers") Amended Complaint [Dkt. No. 34.], filed on January 15, 2016, pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, we **DENY** Defendants' motion.

**Factual and Procedural Background**

Leapers is a firearms and outdoor sporting business that sells shooting, hunting, and outdoor gear, including firearm scopes. Am. Compl. at 3. Chuanwen Shi was the former General Manager of Leapers's scope factory before his employment was terminated by Leapers. *Id.* at 4. Following his termination, Shi became President of Trarms—a California-based corporation that, in part, imports and distributes scopes. *Id.* Plaintiff alleges that Shi has utilized his experience acquired at Leapers's former factory,

1

his knowledge of Leapers's scopes, and "certain tools associated" with the scopes to enable Trarms to manufacture a line of scopes that were "virtually exact copies" of Leapers's scopes, which were shipped to and sold in Indiana. *Id.* at 4–5.

Leapers has asserted property rights in the "Markings" affixed to its scopes and alleges that Defendants willingly and intentionally used those "Markings" on their own line of scopes without Leapers's permission. *Id.* at 3–4. Leapers further alleges that by using the Markings, Defendants are attempting to profit from Leapers's "immediate recognition" and the "substantial goodwill" developed by Leapers with its business and its customers. *Id.*

On December 31, 2015, Leapers filed an Amended Complaint under the Indiana Crime Victim's Relief Act (ICVRA) alleging that Defendants have violated Leapers's property rights under Indiana criminal law and have caused Leapers to suffer a pecuniary loss as a result.  *Id.* at 1; *see* Ind. Code § 34-24-3-1.  Specifically, Leapers alleges that Defendants committed: Theft and Conversion, in violation of Indiana Code §§ 35-43-4-2, 3; Forgery and Counterfeiting, in violation of Indiana Code § 35-43-5-2; and Criminal Mischief, in violation of Indiana Code § 35-43-1-2. Am. Compl. at ¶¶ 5, 7, 8, 10.

On January 15, 2016, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Dkt. No. 34.]  The motion was fully briefed as of February 11, 2016 and is now ripe for disposition by the Court.

**Standard of Review**

Defendants' 12(b)(6) Motion to Dismiss requires the Court to accept as true all well-pled factual allegations in the Amended Complaint and draw all ensuing inferences in favor of the non-movant.  *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the Amended Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations [must] raise a right to relief above the speculative level."  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted).  The Amended Complaint must therefore include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2).  A facially plausible complaint is one which permits "the court to draw the reasonable inference that that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Discussion**

Leapers brought this action against Defendants under the Indiana Crime Victim's Relief Act ("ICVRA"), Ind. Code § 34-24-3-1. The ICVRA provides relief to persons who suffer a pecuniary loss based on violation(s) of the provisions of Article 43 of Indiana's Criminal Code. A criminal conviction, however, is not necessary to maintain an action under the ICVRA; rather, the plaintiff need only prove a violation of the relevant criminal prohibition by a preponderance of evidence in order to pursue civil penalties against the defendant under the act. *See Meridian Financial Advisors, Ltd. v. Pence,* 763 F. Supp. 2d 1046, 1060 (S.D. Ind. 2011).

3

Here, Leapers alleged that Defendants violated five provisions of the Indiana

Code: §§ 35-43-4-2 (Theft), 35-43-4-3 (Conversion), 35-43-5-2(a) (Counterfeiting), 35-

43-5-2(b) (Forgery), and 35-43-1-1 (Criminal Mischief). Defendants argued that the

Amended Complaint fails to state a legally cognizable claim. Dkt. 34. Defendants'

argument is three-fold: First, that the underlying criminal statutes are inapplicable to the

facts of this case; second, that if the statutes were applicable, then they would be

unconstitutionally void-for-vagueness; finally, that this case is duplicative of another

ongoing litigation pending in the Eastern District of Michigan. We address each of these

contentions in turn below.

## I.      Applicability of the Underlying Statutes

Defendants argue that applying the underlying criminal statutes to the facts alleged

by Leapers would result in inappropriately "novel and expansive" interpretations of

Indiana law. More precisely, Defendants argue: (a) that the alleged "Markings" do not

constitute "written instruments" under the Counterfeiting and Forgery statutes; (b) that

Defendants' alleged actions do not constitute "exertion of control" under the Theft and

Conversion statutes; and (c) that the Complaint does not include allegations of

maliciousness or wanton cruelty as required by the Criminal Mischief statute. Defs.' Br.

at 10–14.

## A.  Forgery and Counterfeiting

"A person who, with intent to defraud, makes or utters a written instrument in such

a manner that it purports to have been made" by another person, commits forgery under

Ind. Code § 35-43-5-2(b). Counterfeiting is a lesser-included offense to forgery, requiring only a knowing or intentional *mens rea* as opposed to the intent to defraud. *See* Ind. Code § 35-43-5-2(a). For the purposes of each statute, a "written instrument" is defined as "a paper, a document, or other instrument containing written matter and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks, medals, retail sales receipts, labels or markings (including universal product code (UPC) or another product identification code), or other objects or symbols of value, right, privilege, or identification." Ind. Code § 35-43-5-1(t).

Here, Leapers alleges that all advertisements, promotional materials, packaging and products (i.e., the scopes themselves) containing "unique symbols of identification, value, right and/or privilege that Leapers uses on its rifle scope products" (the "Markings") are written instruments under the law, and that Defendants unlawfully made, uttered, and possessed these instruments in such a manner that they purported to have been made by Leapers. Am. Compl. at ¶ 10, 44.

Defendants argue that because "Plaintiff does not allege [that] Defendants appropriated a brand name or any federally registered property right," the Complaint fails to state a claim under the statutes. Defs. Br. at 11.  In other words, Defendants contend that the definition of written instrument under Indiana law is limited to brand names and federally registered trademarks and therefore does not include the alleged "Markings" or a "product's unregistered design." *Id.*  We find Defendants' argument unpersuasive.

No such restriction exists in the Code itself or elsewhere in the law, so far as we could determine. Indeed, the case upon which Defendants rely for this proposition—*Heckler & Koch, Inc. v. German Sport Guns GmbH*, 2009 WL 3200587 (S.D. Ind. Sept. 25, 2009) (Lawrence, J.)—was explicitly repudiated by the Indiana Supreme Court in *An-Hung Yao v. State*, which expressly held that an airsoft rifle was a written instrument. 975 N.E.2d 1273, 1279 (Ind. 2012). Defendants maintain that *Yao* supports their position in that a product's design may qualify as a "written instrument" only "when it is backed by a federal trade tress or trade mark registration." Defs. Br. at 11. This clearly misstates the Court's ruling in *Yao*, however, which provides:

> [T]he definition [of a written instrument] includes "other objects or symbols of value, right, or identification." It seems clear enough to us that a handgun or rifle—just as an unsigned Monet painting, Frederick Remington sculpture, or Tiffany vase—could be subject to counterfeiting. To require actual writing or markings on a replica in order to bring it within the reach of the counterfeiting statutes would defeat the purpose of the statute and eliminate a very wide range of items.

*Yao,* 975 N.E.2d at 1279. Notably absent from this definition is any requirement that the alleged instrument be federally registered. A subsequent passage in the opinion is particularly illuminating with regard to this issue. In discussing whether it is possible to exert control over trademarks, markings, and symbols (an issue we discuss below), the *Yao* Court stated:

> At the heart of and woven throughout the Defendants' argument is the insistence that this case should be resolved under civil trademark infringement law, not criminal law. . .

6

> But whether a theft prosecution is "the 'wrong tool for the job' when it comes to defining intellectual property interests," is not our decision to make. Rather, our job is to apply the Indiana criminal statutes as drafted by the Legislature.

*Yao*, 975 N.E.2d at 1282.  Likewise, because the case before to us presents claims arising only under Indiana criminal law, we need not decide issues of federal trademark or trade dress infringement, and Plaintiff is under no requirement to plead the elements of such a claim. Our decision is limited to determining whether Plaintiff has stated a claim for Conversion and Forgery under Indiana law. In light of the expansive language of these provisions in the criminal code and the Indiana Supreme Court's decision in *Yao*, it is clear that Plaintiff has satisfied that requirement. A rifle's scope, much like the rifle itself, may represent a written instrument under applicable law and may therefore be subject to counterfeiting and forgery. Accordingly, Defendants' motion to dismiss Counts Two (Forgery) and Three (Counterfeiting) is **DENIED**.

### B.  Theft and Conversion

"A person who knowingly or intentionally exerts unauthorized control over property of another person" commits Conversion under Ind. Code § 35-43-4-2(b). A person commits Theft if he does so "with intent to deprive the other person of any part of its value or use." Ind. Code 35-43-4-2(b)

Here, Leapers alleges that Defendants exerted unauthorized control over its Markings with the intent to deprive it of all or part of their value. Am. Compl. at ¶ 50. Defendants have argued that merely using another's trademark (or Markings) without

permission cannot constitute exertion of control under the statutes. Again, Defendants' argument is not well-taken.

The Indiana Code defines exertion of control as meaning "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, *encumber*, or possess property, or to secure, transfer, or extend a right to property." Ind. Code § 35-43-4-1(a) (emphasis added). The Indiana Supreme Court has ruled that "the right to sell products with a distinctive appearance" is a property right which can be "encumbered." *Yao,* 975 N.E.2d at 1281. Because Leapers's alleged Markings are "unique symbols of identification" that, at least in part, make up the physical appearance of their scopes, they may be "encumbered" under the relevant statutes.

In support of their argument to the contrary, Defendants cite two decisions from this Court—*Dillinger, LLC v. Elec. Arts Inc.*, 795 F. Supp. 2d 829, 839 (S.D. Ind. 2011) and *Heckler & Koch v. German Sport Guns GmbH¸* 2009 WL 3200587 (S.D. Ind. Sept. 25, 2009)—relying specifically on a quote from *Heckler & Koch*:

> [N]either the Defendants' copying of the distinct look of the [Plaintiff's] weapon nor the use of the [trademark] itself constitutes obtaining, taking, carrying, driving, leading away, concealing, abandoning, selling, conveying, encumbering, or possessing the Plaintiff's intangible property.

2009 WL 3200587, at *1. Not only do both of these cases predate the *Yao* decision, which provides the controlling precedent, but the precise quote relied upon by Defendants appears in the *Yao* decision, which was expressly rejected by the Indiana

8

Court. *See* 975 N.E.2d at 1281 ("The [district] court's rationale is not readily apparent. In any event we disagree with the [district] court's conclusion."). Defendants contend that the *Yao* Court's explicit rejection of the conclusion on which they rely is not material to the case before us because *Yao* involved a federally registered trade mark. We discern no such distinction being made in the *Yao* opinion. Further, because *Yao* was reviewed at the motion to dismiss stage (similar to this case), the Indiana Supreme Court "hastened" to clarify that it made no findings of fact regarding the alleged trademarks and/or markings or symbols of identification. *Id.* The *Yao* Court did not consider nor discuss the status of the alleged symbols of identification, much less draw a legally dispositive line between registered trademarks and markings/symbols of identification, based on what the evidence might later reveal.  We adopt the *Yao* Court's conclusion as precedential and controlling and accordingly **DENY** Defendants' motion to dismiss Counts One (Conversion) and Four (Theft).

### C.  Criminal Mischief

"A person who recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent commits criminal mischief." Ind. Code. § 35-43-1-2.  Here, Leapers has alleged that Defendants intentionally damaged or defaced its Markings and goodwill without its consent "by making unauthorized use of the Markings and Leapers's goodwill in the advertisement and sale of certain rifle scope products…." Am. Compl. at 10. Defendants respond that

"Plaintiff's criminal mischief claim fails to allege that Defendants acted with maliciousness or a 'spirit of wanton cruelty.'" Defs. Br. at 14.

These added *mens rea* elements, however, appear nowhere in the statute. Instead, they appear to be derived from two Indiana cases which were decided in the mid-1880's involving claims of "malicious trespass." *See State v. Cole*, 90 Ind. 112 (1883); *Hughes v. State*, 103 Ind. 344 (1885). Given that Defendants fail to offer any any compelling reason for inserting these elements of "malicious trespass" into the statute, we **DENY** their motion to dismiss Count Five (Criminal Mischief).

## II.    "Void-for-Vagueness"

Defendants next argue that, "if Plaintiff's claims were viable under the [cited] statutes, those statutes would be void for vagueness." Reply Br. at 3. Challenges to the constitutionality of statutes due to their vagueness or ambiguity arise under the Due Process Clause and "rest on the basic principle of due process that a law is unconstitutional if its prohibitions are not clearly defined." *Sherman v. Koch*, 623 F.3d 501, 519 (7th Cir. 2010). A statute may be invalidated for vagueness on either of two independent grounds: (1) lack of fair notice; or (2) arbitrary and discriminatory enforcement. *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999); *United States v. Khan*, 771 F.3d 367, 375 (7th Cir. 2014). If the challenged statute does not threaten First Amendment interests, its constitutionality is examined in light of the facts of the case at hand—i.e., on an as-applied basis—and any objections "may be overcome…where

10

reasonable persons would know that their conduct is at risk." *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988).

Defendants' vagueness challenges are based on the alleged failure of these statutes to provide adequate notice which also invites arbitrary and discriminatory enforcement.

## A. Fair Notice

In order to provide adequate notice, a statute must "provide the kind of notice that will enable ordinary people to understand what conduct it prohibits." *City of Chicago v. Morales*¸ 527 U.S. 41, 56 (1999).  Notice may come from the language of the statute itself, or, in other cases, "clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute." *United States v. Lanier,* 520 U.S. 259, 266 (1997).

Here, Defendants argue that Ind. Code § 35-43 *et seq.* failed to provide them with notice that their alleged conduct was in violation of the law because they could not have known that the property interests at issue—namely, the shape and design of the rifle scopes—were protected. More specifically, Defendants maintain that in order for them to have had adequate notice that their alleged copying was illegal, Plaintiff had the burden of first establishing federal trade dress protections for the scopes' designs and markings.

We remain unpersuaded by this argument. Looking first to the statutes themselves we see that Indiana's criminal code defines property broadly as "anything of value" and lists, among other things, "intangibles" and "trade secrets." Ind. Code § 35-31.5-2-253(a). Likewise, a "written instrument," as protected by Indiana's Forgery and Counterfeit statutes, includes "trademarks . . . labels or markings . . . [and] other objects or symbols

11

of value, right, privilege, or identification." Ind. Code § 35-43-5-1(t). These definitions, go further than "trademarks" and "trade secrets" to include "intangibles," "labels or markings," and "other objects or symbols of identification." This broad language suffices to place an ordinary person on notice that the provisions of Indiana's criminal statutes encompass more than just federally registered trademarks and trade dress.

To the extent any ambiguity remained regarding whether a rifle scope's design and markings came within these protections, Indiana's recent case law provides additional clarity. *See Hope Clinic v. Ryan*, 195 F.3d. 857, 864 (7th Cir. 1999), *vacated on other grounds*, 530 U.S. 1271 (2000) ("state courts are entitled to construe state laws to reduce their ambiguity, and federal courts should evaluate state laws as they have been construed, not just as they appear in the statute books). In *Yao*, the Indiana Supreme Court ruled that the definition of property under Indiana's criminal statutes encompasses a gun manufacturer's right to produce and sell guns with a distinctive appearance. 975 N.E.2d at 1281. As explained above, we see no material difference between the manufacturers' alleged interest in the distinctive design of its guns in as addressed in *Yao* and Plaintiff's alleged interest here in the distinctive design of its scopes. Accordingly, Defendants' efforts to establish that they lacked fair notice that their alleged conduct would be at risk of violating Indiana's criminal code come up short.

### B. Arbitrary and Discriminatory Enforcement

A statute likewise may be deemed unconstitutionally vague if it invites or encourages arbitrary or discriminatory enforcement. To prove such a claim, Defendants

must show that the statute at issue "impermissibly delegates to law enforcement the authority to arrest and prosecute on 'an ad hoc and subjective basis'" *Bell v. Keating*, 697 F.3d at 456 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

At this stage in the litigation, Defendants maintain only that the statutes at issue have the *potential* for arbitrary and discriminatory enforcement. That argument remains available to them for later assertion in this litigation, after the factual record has been more fully developed. For now, we lack sufficient evidence on which to base a decision respecting arbitrariness or discrimination. Accordingly, Defendants' motion to dismiss Plaintiff's amended complaint on the grounds that the underlying statutes are unconstitutionally vague is **DENIED**.

### III.   Defendants' Duplicative Suit Claim

Finally, Defendants attack this litigation as duplicative of an action pending in the Eastern District of Michigan, noting that Leapers and Trarms are Plaintiff and Defendant, respectively, in both cases, and that those claims arise from similar facts to our case. However, a review of the Michigan case discloses claims of trade dress infringement, while the instant case involves claims only under the Indiana Crime Victim's Relief Act. As explained in detail, Leapers's markings and symbols of identification are afforded protections under Indiana law irrespective of any federal trademark and trade dress rights they may have. *See Yao*, 975 N.E.2d at 1281–82. Accordingly, this action does not give rise to concerns of inconsistent determinations as to common issues.

Additionally, Defendants have not argued that Leapers could have (or should have) asserted the claims before us here in the Michigan case. In fact, the claims raised here were clearly unavailable to Leapers in a Michigan forum. Accordingly, the dismissal of this lawsuit is not warranted.

## Conclusion

For the reasons explained above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 34] is hereby **DENIED**. Defendants' original Motion to Dismiss Plaintiff's Complaint [Docket No. 15] is likewise **DENIED as moot**.

IT IS SO ORDERED.

Date: 8/23/2016

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CONTINENTAL INCORPORATED, INC.

Jeremiah A. Pastrick
CONTINENTAL ENTERPRISES
jpastrick@ce-ip.com

Amie Peele  Carter
FAEGRE BAKER DANIELS LLP (Indianapolis)
amie.peelecarter@FaegreBD.com

Daniel E. Pulliam
FAEGRE BAKER DANIELS LLP (Indianapolis)
daniel.pulliam@faegrebd.com

Louis T. Perry
FAEGRE BAKER DANIELS LLP (Indianapolis)
louis.perry@faegrebd.com

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

M. Zachary Gordon
TAFT STETTINIUS & HOLLISTER LLP
zgordon@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com